BAUTISTA ECHEVARRÍA-LARRATEGUI, Plaintiff and Appellee, *v.* MARÍA BRÍGIDA TORRES, JUAN PÉREZ TORRES and MARÍA, CARMEN, LEOCADIO and LUISA PÉREZ LÓPEZ, Defendants and Appellants.

No. 4036.  Argued November 4, 1926.—Decided February 11, 1927.

*Luis Mercader* for the appellants.  *Largé & Acevedo* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Bautista Echevarría brought an action of unlawful detainer against María Brígida Torres, Juan Pérez Torres, and María, Carmen, Leocadio and Luisa Pérez López, as tenants by sufferance, alleging that she was the owner of a certain described property and that the defendants were in possession of it as tenants by sufferance without paying any rent, whereupon she prayed for a judgment ordering their eviction. Defendants denied all of the allegations of the complaint and alleged as a defense that they held the property as full owners and possessors by inheritance from María Lorenza Vélez who died in 1903 while the owner thereof. After trial, judgment was rendered sustaining the complaint and the defendants appealed.

It appears from the evidence that María Lorenza Vélez, the owner of said property which was recorded in her name in the registry of property, acknowledged in 1900 that she owed to Lecaroz & Co. the sum of $470, and as security therefor she mortgaged said property to them; that the debtor died in 1903, as shown by a death certificate from the civil registry; that twenty years later the liquidators of that firm filed a complaint in the municipal court of Lares for the recovery of $450 of that debt, directing their action against the unknown heirs of María Lorenza Vélez under the fictitious names of John and Richard Doe, and in execution of a judgment for the plaintiffs the property was sold publicly to Bautista Echevarría in whose favor a deed of sale was executed in the names of the unknown heirs, the said deed being recorded in the registry of property on the 19th of January, 1926, a few months before the filing of the action of unlawful detainer in which this appeal originated.

It also appears from the oral evidence that when María Lorenza Vélez died she left eight children, the only survivor of them being María Brígida Torres, the mother of defendant Juan Pérez Torres. The other four defendants named Pérez López are the grandchildren of María Lorenza Vélez; but the court below did not give any weight to that evidence to show the status of heirs which they allege to derive from María Lorenza Vélez, because it held that they should produce for that purpose her will, or a judicial declaration of heirship in their favor. However, in the case of *Morales v. Landrau,* 15 P.R.R. 761, ratified later by others which we shall cite, this court held that in actions the status of heir could be shown without having recourse to the Special Legal Proceedings Act, though this could only have scope and effect in the case under consideration, because for general purposes, or when it is sought to obtain a declaration of heirship, the Special Legal Proceedings Act must be observed.

See also *Soriano* v. *Rexach,* 23 P.R.R. 531; *Heirs of Rodríguez* v. *Pérez,* 25 P.R.R. 73; *Casanovas & Co.* v. *Ramírez,* 25 P.R.R. 581; *Méndez* v. *Martínez,* 26 P.R.R. 87; *Heirs of Torres Negrón* v. *Torres,* 29 P.R.R. 847, and *Ex Parte Boerman,* 34 P.R.R. 120. Therefore, after weighing that evidence it must be concluded that the defendants proved that they were the children and grandchildren of María Lorenza Vélez and therefore her heirs, either directly or through their parents.

As the title of the plaintiff proceeds from María Lorenza Vélez; as the defendants are her heirs; as they have always lived on the property in that capacity and as they were not summoned personally in the action in which plaintiff acquired said property, because, as we have said, the action was brought against the unknown heirs of María Lorenza Vélez, we think that as the defendants had an apparent title to the property, there is a conflict of titles, for the question of whether the title of the defendants has been destroyed by the trial and judgment referred to and has passed to the plaintiff is one that can not be considered in an action of unlawful detainer. The cases of *Delgado* v. *Pimentel,* 20 P.R.R. 521, and *León* v. *Alvarado,* 24 P.R.R. 654, cited by the trial court and by the appellee to show that defendants' title passed to plaintiff and that therefore unlawful detainer lies, are not applicable to the present case for the reason that in those cases the defendants lost in the actions which transferred the titles to plaintiffs, and that is not the case here.

From the foregoing reasons the judgment appealed from must be reversed and substituted by another dismissing the complaint without special pronouncement of costs.

Mr. Justice Hutchison took no part in the decision of this case.